DOWD, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| David L. Hyatt, | ) | |
| --- | --- | --- |
| | ) | CASE NO. 5:93 CR 237 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The defendant, David L. Hyatt, now serving a life sentence as a result of his conviction in this case, has filed a second motion for a reduction of sentence based on retroactive guideline amendments 505 and 506 pursuant to Title 18 U.S.C. § 3582(C)(2). *See* Docket No. 337. The government has filed a response in opposition to the defendant's petition to modify his sentence. *See* Docket No. 341. David Hyatt has filed a reply to the government's opposition. *See* Docket No. 343.[1] The Court subsequently granted leave to counsel to file a supplemental response as to Hyatt's motion for modification of his sentence under 18 U.S.C. § 3582(c)(2). On August 4,

---

[1] Hyatt's reply contains the following conclusion:

> At sentencing the Honorable Judge David D. Dowd, Jr., stated in the sentencing transcript Pg. 39 line 25 & pg. 40, line 1-6, Judge Dowd Jr., stated, "I think like almost every other District Court Judge in the United States, at times we have expressed frustration with the straight jacket the Guidelines represent, but clearly that's a decision that's way beyond the power of this Court to make. I'm not going to be a trailblazer so to speak, with respect to the issues that you have raised" ...Petitioner now feels with the opportunity the Court now have, that the Court schedule a new sentencing hearing order a new Pre-sentence Report and resentence as allowed by § 3582(c)(2) taking into consideration the dictates of HICKS v. UNITED STATES 472 F3d 467 (9thCir 2007) & UNITED STATES v BOOKER 543 U.S. 220 (2005). [sic]

(5:93 CR 237)

2008, Assistant Federal Public Defender Andy P. Hart filed a supplemental response to Hyatt's motion to modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* Docket No. 346. As a part of the response, Mr. Hart stated:

> As the procedural history of this matter indicates, Mr. Hyatt was convicted of an offense involving Conspiracy to Possession With Intent to Distribute under 21 U.S.C. § 841(a)(1)(b)(1)(A). Upon a thorough review of this matter, the convictions in this matter involved powdered cocaine, and to counsel's understanding, no amount or combination of cocaine base. As the amendments to U.S.S.G. § 2D1.1, originally implemented and made retroactive in December of 2007, apply only to cocaine base, it is counsel's opinion that Mr. Hyatt is ineligible to seek relief under 18 U.S.C. § 3582(c)(2), as the 2007 amendment does not apply to his offenses.

Assistant Federal Public Defendant Andy Hart's response notes that "Mr. Hyatt has advanced independent theories in his pro se filings to which counsel does not intend to undermine or act in contravention to." Continuing, Mr. Hart declares "Counsel's assessment *as to eligibility* is therefore made without prejudice to the defendant's right to achieve modification of the sentence under alternate constitutional, statutory or equitable basis in the event this Court chooses to move beyond the explicit parameters set forth by United States Sentencing Commission in its recent guidelines amendments."

At the time of the defendant's sentencing, it is the Court's recollection that he indicated, but for the guidelines, he would have imposed a sentence less than a life sentence. While the Court still holds to that belief, it has no jurisdiction under the facts of this case to now engage in a *Booker* review or to modify the defendant's sentence under the provisions of U.S.C. § 3582 .

(5:93 CR 237)

Consequently, the defendant's motion for a modification of his sentence is DENIED.[2]

The clerk is directed to send a copy of this order to the defendant as follows: David L. Hyatt 34927054, FCC Medium, P.O. Box 1032, Coleman, FL 33521.

IT IS SO ORDERED.

| August 7, 2008 | /s/ David D. Dowd, Jr. |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |

---

[2] The Court has been the recipient of many letters over the years on behalf of the defendant suggesting that the defendant should be granted relief. The Court has not responded to all of those letters, but the message will always be the same. Specifically, the defendant's last and best hope for reduction of his sentence is a Presidential commutation of his sentence.

3